C. F. HARVEY, Assignee, v. J. D. BREVARD and C. E. GRAHAM.

*Removal of Action—Conversion—Public Officers—Venue.*

1. The obligors on a bond to indemnify a Sheriff against loss, &c., in seizing and selling property under execution, are not included in that class of persons "who, by his command or in his aid shall do anything touching the duties of such office." *The Code,* §191 (2).

2. *Therefore,* where an action was brought in the county of L, against such obligors residing in the county of B, as aiders and abetters of the Sheriff of the latter county in the unlawful seizure and conversion of goods under execution ; *Held,* that it was not error to refuse to remove the cause to the county of B for trial.

The plaintiff, a resident and citizen of Lenoir county, claiming title to a stock of goods in Asheville, Buncombe county, under an assignment from J. J. Desmond, a merchant doing business in said town, brings this action in the Superior Court of Lenoir, against the defendants as aiders and abettors of J. R. Rich, sheriff of Buncombe, to recover damages for the seizure and conversion of said goods. The sheriff took the goods by virtue of executions issued at the instance of creditors of said Desmond, who allege the assignment by him to be fraudulent and void, and therefore liable for his debts, and against the defendants', obligors to an indemnifying bond, which the sheriff required before he would proceed.

At the term of the Court to which the summons was returnable and before answering the complaint, the defendants moved the Court to remove the record to Buncombe for the trial of the cause in that county, as alone possessing jurisdiction under §§ 191 and 195 of *The Code.*

The Judge refused the motion, to which ruling the defendants excepted and appealed.

*Mr. J. B. Batchelor*, for the plaintiff.

*Messrs. Geo. V. Strong* and *E. R. Stamps*, for the defendant.

SMITH, C. J., (after stating the case). §191 provides, that certain actions must be tried in the county where the cause, or some part thereof, arose, subject to the power of the Court to change the place of trial as in other cases, and in enumeration of the actions embraced in the general clause recited, are "actions against a public officer or a person especially appointed to execute his duties for an act done by him by virtue of his office; or against a person who *by his command* or *in his aid* shall do anything touching the duties of such office." Par 2.

There seems to have been no controversy as to the county in which the cause of action occurred, and whether sheriffs are "public officers" within the terms of the act, nor could there be. The dispute is, whether the defendants who gave the indemnifying bond, required before the sheriff would proceed, are, upon a fair construction of the statute, within the terms "in his aid." Its purpose obviously is to require suits against public officers for what they may have done in their official capacity, complained of by others, tried in the county wherein the alleged wrongful act was done, and where the means of defence were most accessible, and to extend the protection to such as aided under command, or in aid of the principal in doing the act. This would include all who co-operated in the seizure of the goods, and overcoming resistance thereto, or in holding the goods afterwards under his direction. But it would, in our opinion, be straining the words, so as to take in those who beforehand bound themselves to secure the officer against loss, although without such indemnity he would have refused to proceed.

The words, "in his aid," immediately following the words, "by his command," were meant to extend the immunity to

all who assisted and took part in the act with his assent, though not by his direct orders, for all such stand upon the same footing.

How can it be said that these defendants did "anything touching the duties of such officer" when they only entered into an obligation for his indemnity? Giving the bond is not such an act, for it is no part of the duties of the office.

We therefore concur in the ruling of the Court, and affirm the judgment.

No error.                                    Affirmed.